# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50201 | **DATE** | 7/8/2003 |
| **CASE TITLE** | HOLTEN vs. CITY OF GENOA, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss and motion to stay are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | **JUL - 8 2003** | |
| ✓ | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7-8-03 | |
| | | date mailed notice | |
| /SEC | courtroom deputy's initials | | |

CLERK, U.S. DISTRICT COURT
03 JUL -8 PM 2: 47
FILED-WD
Date/time received in central Clerk's Office

mailing deputy initials

# MEMORANDUM OPINION AND ORDER

Plaintiff, Dellace Holten, has filed a five-count amended complaint against defendants, John Klink and Robert Smith, who are sued in their individual capacities as police officers for the City of Genoa, and the City of Genoa. Holten alleges two claims under 42 U.S.C. § 1983 –one for excessive force (Count I) and the other for failure to intervene (Count II) –and three related state law claims for battery (Count III), respondeat superior (Count IV), and indemnification (Count V). Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1367, 1391. Defendants have moved to stay or dismiss the case, invoking both *Younger v. Harris*, 401 U.S. 37 (1971), and *Heck v. Humphrey*, 512 U.S. 477 (1994).

In his amended complaint, Holten claims Klink and Smith shot him several times without justification on May 6, 2002. Holten specifically alleges that "[a]t no point during the incident had [he] threatened or in any way endangered the lives of any police officers or civilians at the scene." (Am. Compl. ¶8) After the shooting, Holten was taken to the hospital, where he remained in intensive care for ten days. Although not mentioned in the complaint, it is undisputed (and a matter of public record) the state of Illinois subsequently filed criminal charges against Holten, including one for reckless conduct, 720 ILCS 5/12-5(a). That charge is based on the complaining officer's allegation that, during the May 6 incident, Holten "endangered the bodily safety of John Klink in that, while acting in a reckless manner, he rammed a 1994 Buick LeSabre he was driving into a police squad car which Klink was standing next to." (Def. Exh. B) Defendants further represent, and Holten does not dispute, the criminal case against Holten is still pending in the state trial court.

Although the parties at times seem to confuse *Younger* and *Heck* or treat them as if they were interchangeable, the court first will separately address whether Holten's § 1983 claims are barred by *Heck*; if not, the court then will decide if abstention under *Younger* is warranted. *Heck* essentially requires a court to *dismiss* (not stay or abstain, as defendants sometimes suggest) a § 1983 claim if success on that claim "would necessarily imply the invalidity of [the plaintiff's state court] conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. As an initial matter, the parties quibble over whether *Heck* applies to a § 1983 plaintiff who, like Holten, has criminal charges pending against him in state court but who presently has not been convicted. Defendants naturally say it does and they specifically claim "the Supreme Court expressly anticipated the prospective application of *Heck* via abstention" (again confusing *Heck* and the abstention doctrines). Yet their only support for this proposition is an inapposite passage from a footnote in *Heck*, which says that *abstention* under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), not dismissal of the case altogether, may be appropriate when a state criminal defendant brings a federal civil rights action during the pendency of his state criminal trial. See *Heck*, 512 U.S. at 487 n.8.[1] Holten of course says *Heck* only applies when there is an actual conviction, but to back this up he cites only a few federal district court cases where the plaintiffs happened to already have been convicted. Remarkably, neither side has cited case law from the Seventh Circuit that is directly on point. In *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892 (7th Cir. 2001), the court stated: "[W]e have not limited the application of *Heck* to situations involving outstanding convictions. Rather, joining other circuits, we have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a *potential conviction on a pending criminal charge.*" *Id.* at 898 n.8 (emphasis added). See also *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) (same), cert. denied, 523 U.S. 1073 (1998).

So *Heck* applies to Holten's § 1983 claims but that still leaves the crucial question: would success on those claims – and, more specifically, the excessive force claim – necessarily invalidate a potential conviction on the reckless conduct charge brought against Holten in state court? This court does not believe it would. While Holten alleges the officers shot at him without provocation, after which he rammed them with the Buick LeSabre, the theory of the reckless conduct charge is that the officers shot at Holten only after he rammed Klink first. And suppose the latter theory prevailed in state court, meaning Holten would be convicted of reckless conduct. It may be true, as defendants argue, such a conviction would prove the officers were justified in using force against Holten. But it does not prove they used a *reasonable amount* of force, as required by the Fourth Amendment. The Seventh Circuit has held that an excessive use of force claim is typically not *Heck*-barred because success on such a claim would not necessarily invalidate the underlying conviction. See *Robinson v. Doe*, 272 F.3d 921, 823 (7th Cir. 2001), cert. denied, 535 U.S. 1084 (2002); *Washington*, 127 F.3d at 556. So too here. If Holten were indeed guilty of reckless conduct by ramming Klink with the Buick LeSabre, that still does not entitle the officers to use an excessive amount of force in response to Holten's reckless conduct. The court recognizes Holten's version of what happened on May 6 would be incompatible with a conviction on the reckless conduct charge based on defendants' version of what happened. Nevertheless, if Holten is found guilty of reckless conduct, he still may be able to prove that, even under defendants' version, the officers' use of deadly force on May 6 was excessive without undermining a conviction on the reckless conduct charge.

That leaves defendants' motion to stay under *Younger*. At first blush it might seem *Younger* abstention is irrelevant here because Holten is not seeking to enjoin his state criminal proceedings, which is what *Younger* originally forbid a federal court from doing. See *Younger*, 401 U.S. at 53. But courts have broadened *Younger's* reach over the years by requiring federal courts to stay federal civil rights actions in favor of state criminal proceedings. In the Seventh Circuit, the most relevant case on this point and the one that is most analogous to the present case (although defendants surprisingly did not cite to it in their original motion) is *Simpson v. Rowan*, 73 F.3d 134 (7th Cir. 1995), cert. denied, 519 U.S. 833 (1996), where the court held that a federal district court was required to stay a § 1983 claim seeking money damages based on police misconduct in an underlying state criminal case, pending final resolution of that state court case. See id. at 137-39. In this court's opinion, however, *Simpson* does not warrant the same result here. The plaintiff in *Simpson* based his federal civil rights action on claims of false arrest and the warrantless search of his home. These were claims the Seventh Circuit took care to explain "may also be involved in the underlying state court criminal prosecution" by acting as "constitutional defenses to [Simpson's] conviction" that are "potentially subject to adjudication in [Simpson's] appeal to the state supreme court." *Id.* at 138. In contrast, defendants have not pointed out anything in the record from the state court to show how Holten's § 1983 claims – that both officers used excessive force by shooting at him without provocation and "one of them" failed to intervene to "prevent further shots from being fired at" him – might raise constitutional issues that would have any bearing on his state criminal proceedings, let alone how they might undermine the state courts' consideration of such issues. While the outcome of the reckless conduct charge may depend on whose story is believed – i.e., whether the officers shot Holten before or after he rammed them – the court does not see why the primary constitutional issue raised in Holten's federal case – i.e., whether shooting at him, *regardless of whose story is believed*, was a reasonable or excessive amount of force under the circumstances – should play any role in the state courts' consideration of Holten's criminal proceedings.

For the reasons stated above, defendants' motion to dismiss and motion to stay are denied.

---

[1] Apparently picking up this cue from *Heck*, defendants in their reply brief alternatively argue abstention is in fact appropriate under *Colorado River*. But because defendants did not mention this argument at all in their original motion, the court has not considered it.