# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50201 | **DATE** | 9/11/2003 |
| **CASE TITLE** | Holten vs. City of Genoa, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the attached Memorandum Opinion and Order, the ISP's Motion to Quash is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 12 2003 | |
| | Notified counsel by telephone. | date docketed | 37 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 9/11/2003 | |
| | | date mailed notice | |
| sp | courtroom deputy's initials | sp | |
| | | mailing deputy initials | |

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| DELLACE HOLTEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 02 C 50201 |
| CITY OF GENOA, JOHN KLINK, | ) Philip G. Reinhard |
| and ROBERT SMITH | ) P. Michael Mahoney |
| Defendants. | ) |

## Memorandum Opinion and Order

The Illinois State Police ("ISP"), a non-party, has objected to the discovery requests of Dellace Holten ("Holten"). The ISP has moved to quash a subpoena seeking documents regarding and relating to the investigation of the shooting of Holten. For the reasons set forth below, ISP's Motion to Quash is granted in part and denied in part.

## Background

Holten alleges that he was shot multiple times without justification or provocation by a City of Genoa police officer. Holten's six count amended complaint alleges, among other things, that a City of Genoa police officer used excessive force in violation of 42. U.S.C. § 1983. There is a continuing criminal investigation pending against Holten for possession of stolen property in DeKalb County and burglary, criminal damage to property, and reckless conduct in allegedly attempting to run over a police officer with his car in Ogle County. Both of these investigations relate, to some extent, to the shooting incident.

A. *Holten's Subpoena*

Holten's subpoena seeks the following from the ISP:

1. Any and all Documents regarding the Illinois State Police investigation of the May 7, 2002 shooting of Dellace Holten, filled number 02-13723. This request included, but is not limited to, a request for access to any and all *original* video and audio recordings in the possession of the Illinois State Police.

2. Any and all Documents relating to the 100 Illinois State Police investigation of shooting by law enforcement personnel conducted prior to its investigation of the shooting of Dellace Holten, file number 02-13723.

3. Any and all Documents relating to any other Illinois State Police investigation of a City of Genoa police officer's use of a firearm.

4. Additionally, Holten seeks, pursuant to Federal Rules of Civil Procedure 30(b)(6), a person who will provide binding testimony with respect to the final findings of the 100 Illinois State Police investigations of shootings by law enforcement personnel conducted prior to its investigation of the shooting of Holten.

B. *ISP's Motion to Quash*

The ISP's Motion to Quash asserts objections to three of Holten's requests. With regards to Request #1, the ISP asserts the law enforcement investigatory privilege. For Requests #2 and #4, the ISP asserts that the requests are overly broad and unduly burdensome. The ISP does not put forward any objections to Request #3. (ISP Mot. to Quash at 2-5).

Turning to Request #1, the ISP argues that the information sought in Request #1 is protected by the law enforcement investigatory privilege. (*Id.* at 3). Specifically, the ISP argues that although

the ISP has concluded its investigation of the shooting of Holten, it is the ISP's understanding that criminal investigations and prosecutions regarding the facts and circumstances contained in ISP's investigation are still pending in DeKalb and Ogle Counties. (*Id.* at 4). Additionally, the ISP argues that releasing the information sought in the subpoena to a potential defendant (namely Holten) before Dekalb and Ogle counties have completed their investigations and prosecutions could hinder their efforts. While the ISP seeks to withhold the information presently, the ISP also asserts that the ISP "is not seeking to withhold the investigation forever, but simply until the criminal prosecutions have come to a resolution." (ISP's Reply at 3).

With regard to Requests #2 and #4, the ISP argues that ISP investigations are indexed and kept in the normal course of business by name only and the ISP has no system by which to access the last 100 investigations of police shootings in reverse chronological order. (*Id.* at 2). As such, ISP argues that Holten's request for the last 100 investigations of police shootings is overly broad and unduly burdensome.

C. *Holten's Response*

Holten argues that the Public Integrity Task Force ("PITF") of the ISP is the agency that investigates shootings by police officers and Holten seeks the information sought in the subpoena because Holten alleges that the PITF has deemed every single police shooting it has ever investigated as "justified." ("Holten's Resp. at 1).[1] Additionally, Holten argues that the ISP has waived any privilege as to the information when it disclosed hundreds of documents in the form of police memos

---

[1] It should be noted that the investigation by the ISP was apparently not conducted by PITF. The ISP stated in its reply that PITF only investigates police shootings in Cook County and the East St. Louis area. Because Holten was shot in Sterling, Illinois and not in Cook County or the East St. Louis area, the investigation of Holten's shooting was allegedly performed by an ISP detective in Zone 2. (ISP's Reply at 4-5).

3

and witness statements. Further, evidence obtained by the City of Genoa, Holten argues, cannot be held simply because the City of Genoa turned over the information to the ISP who now seeks to hide the information under the guise of an "investigation." (Id. at 2). Lastly, Holten argues that even if this Court performs a balancing test, Holten should receive the information because the ISP's mission is not to investigate the victim but rather its mission is to investigate the police officer and the fact of a pending prosecution of Holten is of *de minimis* relevance in the balancing equation. (*Id.*).

## Discussion

1. *Request #1*

As an initial matter, this Court must determine if the ISP has properly raised the law enforcement privilege. To assert the privilege, "the responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege." *See United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981); *see also Hernandez*, 1997 WL 754041, at *4; *Pontarelli Limousine, Inc. v. City of Chicago*, 652 F. Supp. 1428, 1431 (N.D. Ill. 1987). The ISP has complied with these requirements, and as such, this Court finds that the ISP has properly raised the law enforcement privilege. The next question is whether the ISP should still be required to divulge the material.

Rather than an absolute privilege, the law enforcement privilege is a qualified common law privilege incorporated under Fed. R. Civ. P. 26(b).[2] As such, the party claiming the privilege bears

---

[2] The purpose of the law enforcement privilege is to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an

4

the burden of justifying the application of the privilege. *Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D. Ill. 1997). The ISP, therefore, must explain with particularity the reasons that the information sought is privileged. Once done, this Court must balance the need for secrecy against Holten's need for access to the information.[3] *See Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041, at *3 (N.D. Ill. Nov. 13, 1997); 6 *Moore's Federal Practice*, §26.48[3] (Matthew Bender 3d. ed. 2002).

In this case, this Court is especially concerned about interfering with the on-going DeKalb and Ogle County criminal investigation and prosecution of Holten. Although Holten argues otherwise, it appears that criminal proceedings (i.e. investigations and prosecutions) are still pending in two separate counties. Also, Holten has demonstrated no particularized need for the information. After balancing Holten's need of the information with the need to keep the information private pending the investigation, this Court finds that non-disclosure outweighs Holten's interest. However, this Court accepts the offer of the ISP that once the criminal proceedings in DeKalb and Ogle counties against Holten are complete, the ISP will disclose all the information sought in

---

investigation, and otherwise to prevent interference with an investigation." *Id.* (quoting *In re Dept. of Investigation of City of New York*, 856 F.2d 481, 485 (2d Cir. 1988)).

[3]The factors to be considered when balancing the law enforcement privilege include: (1) whether disclosure will thwart governmental process by discouraging citizens from giving the government information; (2) the impact on persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and improvement will be chilled; (4) whether the information is factual or evaluative; (5) whether the party seeking discovery is an actual or potential defendant in any criminal preceding pending or likely to follow; (6) whether the police investigation has been completed; (7) whether any inter-department proceedings have or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery; and (10) the importance of the information sought to the plaintiff's case. *Kampinen v. Individuals of Chicago Police Department*, No 00. C 5867, 2002 WL 238443, at *4 (N.D. Ill. Feb. 19, 2002)(quoting *Friedman v Bache Halsey Stuart Shields Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984)).

Request #1.

2. *Request #2*

Federal Rules of Civil Procedure 26 provides that discovery may be limited if the court determines that "(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2). However, discovery is generally allowed in matters that would be used to impeach the other parties' witnesses. *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).

Request #2 appears to be discovery that would be used to impeach a witnesses. Namely, it appears that Holten is attempting to obtain the result of the prior 100 ISP investigations in order to show that the ISP has deemed every police shooting as "justified." Thus, if the City of Genoa calls any member of the ISP team that investigated this shooting, the Plaintiff would be able to cross examine based on other investigations. The ISP has indicated there would be a substantial burden to comply with the request. This Court will accept the ISP's representation. As a substitute, this Court will order produced all closed files where any member of the team that investigated the Holten shooting investigated other shootings. The closed files will be ordered produced for the past five years. This should be done within a reasonable time.

3. *Request #3*

Having put forth no argument against complying with Request #3, the ISP is ordered to turn over all closed files relating to any investigation of a City of Genoa police officer's use of a firearm over the last five years. This Court orders the ISP to turnover this material within a reasonable time.

4. *Request #4*

Federal Rules of Civil Procedure 30 provides, in pertinent part, that "[a] party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6). The Federal Rules of Civil Procedure further provide that "[t]he persons so designated shall testify as to matters known or reasonably available to the organization." *Id.* Holten seeks to depose a 30(b)(6) witness who will provide testimony with respect to the final findings of the previous 100 ISP investigations of shootings by law enforcement personnel conducted prior to the shooting of Holten. This request is mooted by this Order.

## Conclusion

For the above stated reasons, the ISP's Motion to Quash is granted in part and denied in part.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 9/11/03