Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50201 | **DATE** | 8/2/2012 |
| **CASE TITLE** | Dellace Holten vs. City of Genoa, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' unopposed motion to vacate the judgment and for a stipulation of dismissal [263] is granted. Plaintiff's motion for bill of costs [231], bill of costs [233][242], motion for extension of time to file his motion for attorney fees [239], and motion for attorney fees [255] are moot. Intervening petitioner Loevy & Loevy's partial bill of costs [234] and motion for extension of time to file petition for attorney fees [256] are also moot. All claims in this case are dismissed with prejudice. Civil case terminated.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

     This case involved Plaintiff's claims for excessive force and failure to intervene under 42 U.S.C. §1983 in relation to a high-speed car chase that culminated in Plaintiff being shot by the Defendant Officers. On September 29, 2011, the jury decided the case in favor of the Plaintiff and awarded him $260,000. The court denied Defendants' motion for judgment as a mater of law, or alternatively, to vacate the judgment and for a new trial on February 7, 2012, and Defendants appealed to the Seventh Circuit. The parties were referred to the Seventh Circuit Mediation Program, where they ultimately reached a settlement as to all issues in the case. The parties stipulate that the terms of the settlement agreement include an agreement to vacate the judgment against the Defendants. Now before the court is the Defendants' unopposed motion to vacate the judgment and for a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41, with all parties bearing their own costs.

     On July 11, 2012, counsel for the Defendants assured the court that payment had issued and releases had been signed pursuant to the settlement reached during mediation before the Seventh Circuit. Counsel also represented that the settlement agreement was all-encompassing and covered any claims for fees and costs among the parties. Counsel explained that he was seeking either an indication from this court of its intent to grant the motion to vacate judgment, or an order actually vacating the judgment. Counsel specifically pointed to thoughtful discussions on the subject of requests for vacatur of judgments contained in *Mayes v. City of Hammond, Ind.*, 631 F.Supp.2d 1082 (N.D. Ind. 2008) and *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002 (7th Cir. 2007).

     The court is satisfied that it need not enter an indicative ruling pursuant to Seventh Circuit Rule 57. Circuit Rule 57 creates a mechanism by which the Seventh Circuit can remand an issue pending on appeal back to the trial court to be modified rather than expending judicial resources on a matter that the District Court would modify anyway. In this case, the Seventh Circuit has filed a Mandate with this court indicating that Defendants' appeal was dismissed pursuant to Federal Rule of Appellate Procedure 42(b). There is no

appeal pending in this case. Because this matter is before the trial court, the parties need not show "exceptional circumstances" before the court may vacate the judgment. *See Mayes*, 631 F.Supp.2d at 1087. Therefore, the court's decision is guided by Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) allows the court to grant relief from a final judgment in a number of circumstances. In particular, the court may vacate a final judgment where applying it prospectively is no longer equitable, or for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(5), (6). The court finds that applying the final judgment would no longer be equitable where the parties have agreed to vacate the judgment pursuant to a global settlement agreement. Nevertheless, the court must still consider any public interest that may be thwarted by an order vacating the judgment of the jury. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).

The court finds that an order vacating the judgment of the jury would not deprive the public of any significant precedential value or preclusive effect. The parties only seek to vacate the judgment, and would not vacate any other pre-trial judgments of the court. Further, the court believes that the requested order of vacatur would not render the public and judicial resources spent on the case worthless. The settlement agreement reached by the parties undoubtedly took into account the findings and monetary valuations of the jury. It would be in the best interest of the parties, the court, and the public that the court vacate the judgment of the jury and allow the parties to finalize their settlement agreement.

For the foregoing reasons, Defendants' unopposed motion to vacate the September 29, 2011 judgment is granted, and all claims are dismissed with prejudice.

/s/ P. Michael Mahoney

| | Courtroom Deputy Initials: | BTJ |
|---|---|---|